FILED

2018 AUG 29 PM 4:27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2017 Grand Jury

**UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AURELIO PATINO,<br>　aka "Augie,"<br>ADILSON REYES,<br>　aka "Shanky,"<br>CHRISTOPHER RUIZ,<br>　aka "Sneaky," and<br>JOSE VILLEGAS,<br>　aka "Torch,"<br><br>　　　　Defendants. | I N D I C T M E N T<br><br>[18 U.S.C. § 1111: Murder – First Degree; 18 U.S.C. § 1117: Conspiracy to Murder; 18 U.S.C. § 2(a): Aiding and Abetting]<br><br>EDCR18-00250 SJO |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 1111, 2(a)]

On or about October 1, 2013, in San Bernardino County, within the Central District of California, and within the special maritime and territorial jurisdiction of the United States, namely, the Federal Correctional Institution II at Victorville, California, defendants AURELIO PATINO, also known as ("aka") "Augie," ADILSON

REYES, aka "Shanky," CHRISTOPHER RUIZ, aka "Sneaky," and JOSE VILLEGAS, aka "Torch," each aiding and abetting the other, willfully, deliberately, maliciously, and with premeditation and malice aforethought, unlawfully killed J.S., a human being, by repeatedly hitting and kicking him.

COUNT TWO

[18 U.S.C. § 1117]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. Defendants AURELIO PATINO, also known as ("aka") "Augie" ("PATINO"), ADILSON REYES, aka "Shanky" ("REYES"), CHRISTOPHER RUIZ, aka "Sneaky" ("RUIZ"), and JOSE VILLEGAS, aka "Torch" ("VILLEGAS"), were inmates at the Federal Correctional Institution II in Victorville, California ("Victorville FCI II").

2. Victim J.S. was an inmate at Victorville FCI II.

B. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury and continuing to on or about October 1, 2013, in San Bernardino County, within the Central District of California, and within the special maritime and territorial jurisdiction of the United States, that is, at Victorville FCI II, defendants PATINO, REYES, RUIZ, and VILLEGAS knowingly, willfully, and unlawfully conspired and agreed: (1) to commit first degree murder, that is, to kill victim J.S. with deliberation, premeditation, and malice aforethought, in violation of Title 18, United States Code, Section 1111; and (2) to commit second degree murder, that is, to kill victim J.S. with malice aforethought, in violation of Title 18, United States Code, Section 1111.

C. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished in substance as follows:

1. Unindicted co-conspirators would escort J.S. to the recreation yard of Victorville FCI II.

2. Defendants PATINO, RUIZ, and VILLEGAS would strike the victim with their hands and kick the victim to death.

3. While defendants PATINO, RUIZ, and VILLEGAS would strike the victim, defendant REYES would direct defendants PATINO, RUIZ, and VILLEGAS to continue.

D. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects of the conspiracy, defendants PATINO, REYES, RUIZ, and VILLEGAS committed various overt acts, on or about October 1, 2013, at Victorville FCI II, in San Bernardino County, within the Central District of California, within the special maritime and territorial jurisdiction of the United States, including, but not limited to, the following:

1. Defendants PATINO, REYES, RUIZ, and VILLEGAS entered the recreation yard at Victorville FCI II.

2. Unindicted co-conspirators escorted victim J.S. to the recreation yard at Victorville FCI II.

3. Defendants PATINO, RUIZ, and VILLEGAS struck victim J.S. with their hands.

4. Defendants PATINO, RUIZ, and VILLEGAS kicked J.S. in the head, chest, and back.

5. Defendants PATINO, RUIZ, and VILLEGAS told defendant REYES that J.S. was no longer breathing.

6. Defendant REYES told defendants PATINO, RUIZ, and VILLEGAS to continue beating victim J.S.

NOTICE OF SPECIAL FINDINGS - AURELIO PATINO

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count One, defendant AURELIO PATINO, also known as "Augie":

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6)); and

7.   Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

NOTICE OF SPECIAL FINDINGS - ADILSON REYES

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count One, defendant ADILSON REYES, also known as "Shanky":

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

3. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

4. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

5. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

6. Had previously been convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970

for which a sentence of 5 or more years may be imposed (18 U.S.C. § 3592(c)(12)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

## NOTICE OF SPECIAL FINDINGS - CHRISTOPHER RUIZ

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count One, defendant CHRISTOPHER RUIZ, also known as "Sneaky":

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

7.  Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.  Had previously been convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of 5 or more years may be imposed (18 U.S.C. § 3592(c)(12)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

NOTICE OF SPECIAL FINDINGS - JOSE VILLEGAS

The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count One, defendant JOSE VILLEGAS, also known as "Torch":

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed the victim (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592(c)(6));

7. Committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

8.  Had previously been convicted of violating title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of 5 or more years may be imposed (18 U.S.C. § 3592(c)(12)).

All pursuant to Title 18, United States Code, Sections 3591 and 3592.

A TRUE BILL

_____
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Santa Ana Branch Office